An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CAMERON GAMACHE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62487



FILED

OCT 1 7 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea of attempted sexual assault with a minor under 14 years of age and lewdness with a child under 14 years of age. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant argues that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea on the grounds that the victims' SANE examination reports were not disclosed to the defense and because the victims' family has kept his "location in Clark County Detention Center secreted away from his mother and uncles." NRS 176.165 permits a defendant to file a motion to withdraw a guilty plea before sentencing. The district court may grant such a motion in its discretion for any substantial reason that is fair and just. *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). "[W]e will not reverse the lower court's determination absent a clear showing of an abuse of discretion.'" *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).

We conclude that the district court did not abuse its discretion in this instance. Aside from appellant's suggestion that SANE

 

13-31153

examination reports were prepared in this case, there is nothing in the record indicating that SANE examinations were performed on the victims and the victims testified at the preliminary hearing that they were never examined by a doctor. But even if such reports exist, we disagree with appellant's contention that they were exculpatory. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 98 (2012) (concluding that a defendant may challenge the validity of a guilty plea on the ground that the prosecutor failed to disclose exculpatory information before entry of the plea), *cert. denied*, 568 U.S. ___, 133 S. Ct. 988 (2013). Appellant argues the reports "may have contradicted the notion that actual intercourse had taken place between [him] and the two child victims" and that "a lack of findings and/or an intact hymen would have been exculpatory." As he pleaded guilty to attempted sexual assault and lewdness, *see* NRS 193.330 (defining attempt); NRS 200.366(1) (defining sexual assault); NRS 201.230 (defining lewdness with a child under 14 years of age), the findings he proposes would not necessarily have exculpated him of the offenses. Further, we are not convinced that appellant's purported inability to contact his family is a substantial reason justifying withdrawal of his guilty plea. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

 

cc: Hon. Kathleen E. Delaney, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk